### THE STATE v. JOSEPH SPINA.

Submitted July 15, 1907—Decided November 11, 1907.

Indictments returned into the Court of Quarter Sessions by the grand jury when the Court of Oyer and Terminer is not in session, and which are triable in the Quarter Sessions, may be retained in and tried by that court without an order to that effect being made by the Oyer and Terminer.

---

On error to the Middlesex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff in error, *Charles E. Cook.*

For the defendant in error, *Henry M. Nevius.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case brings up a conviction of the defendant for keeping a disorderly house. There are many assignments of error, but only two of them are based upon matters which either appear in the record itself or in the bills of exceptions. The first of these is that the record fails to show that the indictment was sent by the Court of Oyer and Terminer to the Quarter Sessions to be tried. It appears from the record, however, that the grand jury returned all of the indictments found by it into the Quarter Sessions, the Supreme Court justice being absent at the time when that body came into court. Section 6 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 868), which authorizes the Court of Quarter Sessions to receive indictments in the absence of a justice of the Supreme Court, requires that all indictments so received which are not triable in the Court of Quarter Sessions shall be delivered by that court to the Court of Oyer and Terminer. The indictments which are triable in the Sessions, by necessary implication, are to be retained by that court and tried there. This was the course pursued in the present case. The first assignment of error is therefore without merit.

The second assignment of error is based on an exception taken to the refusal of the trial court to direct a verdict for the defendant. The ground upon which this request was rested was that the proofs did not show sufficient illegal sales of liquor to justify the conviction of the defendant of the offence of keeping a disorderly house. The motion was properly refused. The proof was ample to support the conviction.

The judgment under review should be affirmed.